The Alaska Judicial Conduct Commission filed its Findings and Recommendation that this court order that Alaska Superior Court Judge Angela M. Greene be retired due to her medical disability. The Commission found by clear and convincing evidence that Judge Greene "suffers from a disability that seriously interferes with the performance of judicial duties and that is or may become permanent." Judge Greene filed a Non-Opposition. The court agrees with the Judicial Conduct Commission's Findings and Recommendation and orders that Superior Court Judge Angela M. Greene be placed on mandatory retirement effective immediately.
I. Legal Standards
Alaska Statute 22.25.010(b) provides that a "judge may be retired for incapacity as provided in this section. A ... judge is eligible for retirement pay with two or more years of service at the time of retirement for incapacity." Judge Greene was appointed to the superior court in Utqiagvik on November 20, 2014, and began serving as a judge on January 2, 2015. As of February 4, 2019, the date Judge Greene must leave office since she did not stand for retention,[1] she will have four years, one month of service.
The Alaska Constitution Article IV, § 10 creates the Commission on Judicial Conduct. This Article provides in part that "a justice or judge may be ... retired ... by the supreme court upon the recommendation of the commission." Alaska Statute 22.30.011 sets out the powers and duties of the Conduct Commission. Section .011(a) provides that "The commission shall on its own motion or on receipt of a written complaint inquire into an allegation that a judge ... (2) suffers from a disability that seriously interferes with the performance of judicial duties and that is or may become permanent...." Section .011(b) requires the Conduct Commission to informally consider the allegation and upon finding probable cause conduct a formal hearing. Section .011(c)(2) provides in pertinent part that after a hearing the Commission shall "refer the matter to the supreme court with a recommendation that the judge be ... retired from office...."
Alaska Rule of Appellate Procedure 406 sets forth the procedure the Commission is to follow after it has determined to make a recommendation to the supreme court. Rule 406(b) sets forth the procedure that the judge is to follow if the judge wishes to file a petition to oppose or modify the Commission's recommendation. Here, as stated above, Judge Greene does not oppose the Commission's recommendation. Thus, Rule 406(c) is the operative Rule and states: "If no petition [by the judge] is filed, the matter may be considered on the merits based upon the record filed by the commission and the transcript."[2]
"The Alaska Supreme Court has the final authority in proceedings related to judicial conduct in Alaska."[3] "In judicial disciplinary proceedings, we conduct a de novo review of both the alleged judicial misconduct *917 and the recommended sanction. In doing so we recognize that judicial misconduct must be established by clear and convincing evidence."[4] Although a judge's disability that seriously interferes with the performance of judicial duties is not judicial misconduct, nor is the Commission's recommendation that a judge be retired due to that disability a sanction, the same standard of review and burden of proof apply because both judicial misconduct proceedings and judicial disability proceedings are addressed in the same statute, AS 23.30.011. Thus the Commission correctly applied a clear and convincing evidentiary standard and we shall do so also.
II. Background
In its Findings of Fact, the Conduct Commission explains the genesis and history of this matter which we summarize in general terms so as to protect Judge Greene's privacy. Judge Greene appeared to have suffered a mini-stroke (also referred to as a transient ischemic attack or TIA) in September 2016 while she was presiding over a trial in Kotzebue. Presiding Judge Paul Roetman took her to the hospital where she was treated, observed over the weekend, and released. Judge Greene went for medical evaluation of several possibly related medical issues at the Cleveland Clinic in October 2016, and was still on medical leave in Cleveland when then-Chief Justice Stowers wrote his first letter to the Conduct Commission asking the Commission to investigate her condition and initiate proceedings in accordance with AS 22.30.011(a)(2). Judge Greene, through counsel, agreed with Chief Justice Stowers's request to the Commission to begin proceedings to recommend to this court that she be medically retired. The Commission eventually received a letter from one of Judge Greene's Cleveland Clinic physicians that was equivocal on whether Judge Greene's medical problems were then permanent and the Commission declined to find probable cause under AS 22.30.011(a)(2).
Judge Greene returned to Utqiagvik and the superior court in July 2017. But in December 2017 she was struck by a large water delivery truck as she was walking along a street and was rendered unconscious. The accident caused some cognitive difficulties which Judge Greene acknowledged in her affidavit to the Commission. Chief Justice Stowers wrote a second letter to the Commission asking it to again investigate Judge Greene's condition and initiate proceedings in accordance with AS 22.30.011(a)(2).
The Commission obtained and sent Judge Greene's medical records to an independent organization that performs disability peer review. One of the physicians that reviewed her records is a board certified internal medicine and immunology specialist (designated "PC" in the Commission's Findings). Dr. PC provided a report detailing Judge Greene's medical history and diagnoses and concluded that she was unable to perform her duties as a full-time judge in Utqiagvik. The Commission's Findings state: "Dr. PC found that Judge Greene could not perform the requirements of the position due to physical disability in that specialty area."
III. Judicial Conduct Commission's Final Decision
Following preliminary proceedings that resulted in the Commission's receipt of the report of Dr. PC, the Commission held formal hearings on July 13 and August 17, 2018 to consider the matter and make its decision. Based upon the evidence in the record the Commission agreed in a 5-0 vote that there was clear and convincing evidence that Judge Greene suffers from a disability that seriously interferes with the performance of her judicial duties and that is or may become permanent under AS 22.30.011. The Commission filed its Findings and Recommendation to this court recommending that Judge Greene be medically retired.
IV. Conclusion
Having examined the written materials and medical records from Judge Greene's physicians considered by the Commission, we agree with its Findings that there is clear and convincing evidence that Judge Greene suffers from a disability that seriously interferes with her performance of judicial duties *918 and that is or may become permanent. Applying de novo review we accept the Commission's Findings and Recommendation and ORDER that Judge Angela M. Greene be placed on medical disability retirement effective immediately.
Entered at the direction of the court.

AS 22.10.100(b).

Appellate Rule 406(a) states that the Conduct Commission is to file a recording of the Commission's hearing and the court shall prepare a transcript on an expedited basis. The court has not requested a transcript be prepared because the materials in the record amply support the Commission's finding that Judge Greene "suffers from a disability that seriously interferes with the performance of judicial duties and that is or may become permanent" and Judge Greene does not dispute any of the Commission's findings.

In re Cummings , 292 P.3d 187, 190 (Alaska 2013) (quoting In re Johnstone , 2 P.3d 1226, 1234 (Alaska 2000) ).

Id . at 190-91 (quoting In re Cummings , 211 P.3d 1136, 1138 (Alaska 2009) ).